```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America

    v.                              Case No. 2:95-cr-27-3

Keith Lowe

                              ORDER

      The defendant has filed a motion for a reduction of sentence based on the recent amendments to the United States Sentencing Guidelines ("U.S.S.G.") applicable to cocaine base offenses.

      Defendant was convicted of the offense of conspiracy to distribute cocaine base in violation of 21 U.S.C. §846. Defendant was sentenced on September 29, 1995. The probation officer determined that the relevant conduct attributable to the defendant was 850.5 grams of cocaine base, within the range of 500 to 1,500 grams, resulting in a base offense level of 36. Defendant received two-level enhancements for possession of a firearm and his role in the offense, resulting in a total offense level of forty. Defendant was determined to fall within Criminal History Category V. These determinations resulted in a guideline sentencing range of 360 months to life. However, defendant was sentenced to the statutory maximum sentence of 240 months.

      Under the new guideline amendments, defendant's relevant conduct would result in a base offense level of 34, and a total offense level of 38. However, this still results in a guideline sentencing range of 360 months to life. The amendments would also have no effect on the much lower sentence of 240 months actually imposed on the defendant. Therefore, defendant is not eligible for resentencing. See U.S.S.G. 1B1.10(a)(2)(B) and Application Note

1(a) (a reduction is not consistent with this policy statement and is not authorized under 18 U.S.C. §3582(c)(2) if the amendment does not have the effect of lowering defendant's applicable guideline range).

Defendant argues that he should be resentenced because he should have been in Criminal History Category I, and that this court should conduct a full resentencing hearing under United States v. Booker, 543 U.S. 220 (2005). He claims that a common pleas court in Pennsylvania determined in 2007 that his multiple convictions which were relied on in placing him in Criminal History Category V were invalid. However, his sentence in this case has never been vacated as invalid. In fact, on September 28, 2007, the Court of Appeals for the Sixth Circuit denied defendant's motion for leave to file a second or successive petition under 28 U.S.C. §2255 based on the 2007 order of the Pennsylvania court. See In re Keith Lowe, No. 07-3564 (6th Cir. September 28, 2007).

Under §3582(c)(2), a court is permitted to reduce the defendant's term of imprisonment following a retroactive lowering of the defendant's sentencing range by the Sentencing Commission only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." §3582(c)(2). U.S.S.G. §1B1.10(b)(1) provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were

>    applied when the defendant was sentenced and shall leave
>    all other guideline application decisions unaffected.

Under §3582(c)(2), the defendant may only request a reduction of sentence based on the retroactive lowering of the sentencing range previously applied in his case.  That section does not serve as a vehicle to attack other aspects of the defendant's sentence.

This court further notes that even if defendant's criminal history category were reduced to Criminal History Category I, the new guideline range would be 235 to 293 months.  The sentence originally imposed in this case was toward the bottom of that range.  Even if the court had the authority to consider a lower sentence in this case, considering all of the statutory factors in 18 U.S.C. §3553(a), the court would not change the sentence previously imposed. Defendant's motion for reduction of sentence is denied.

The court has also received a motion from Frederick Banks seeking to appear on behalf of the defendant <u>pro</u> <u>hac</u> <u>vice</u>. This motion is denied.

Date: February 4, 2008             _____s\James L. Graham_____
                                   James L. Graham
                                   United States District Judge

3